UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETTY WRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVOCATE HEALTHCARE, )<br>DANIEL ACQUAH, )<br>MORGAN LEE, )<br>In their individual capacities, )<br>)<br>Defendants. )<br>_____ ) | Case No. |

## COMPLAINT AT LAW

NOW COMES, Plaintiff, Betty Wright, by and through her undersigned counsel, hereby files this Complaint against Defendants Advocate Healthcare, Daniel Acquah, and Morgan Lee, and states as follows:

### INTRODUCTION

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Illinois Human Rights Act (IHRA), 775 ILCS 5/2-101 et seq., for sexual harassment and hostile work environment in the workplace, and under Illinois common law for battery.

2. Plaintiff Betty Wright was subjected to unlawful sexual harassment and battery by Defendant Daniel Acquah, an employee of Defendant Advocate Healthcare and the direct supervisor of Plaintiff, and a hostile work environment that persisted for several months, with the knowledge and acquiescence of Defendant Advocate Healthcare and its supervisory employee, Defendant Morgan Lee.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as the unlawful employment practices and acts complained of occurred within the Northern District of Illinois.

### PARTIES

5. Plaintiff Betty Wright is an individual residing in the State of Illinois and was, at all relevant times, an employee of Defendant Advocate Healthcare within the meaning of 42 U.S.C. § 2000e(f) and 775 ILCS 5/2-101(B)(1).

6. Defendant Advocate Healthcare is a corporation or entity organized under the laws of Illinois, or doing continuous business within the State of Illinois, operating as a healthcare provider, and was, at all relevant times, Plaintiff's employer within the meaning of 42 U.S.C. § 2000e(b) and 775 ILCS 5/2-101(B)(1).

7. Defendant Daniel Acquah is an individual and was, at all relevant times, a supervisory employee of Defendant Advocate Healthcare, with authority over Plaintiff and acting within the scope of his employment.

8. Defendant Morgan Lee is an individual and was, at all relevant times, a supervisory employee of Defendant Advocate Healthcare, with authority over Plaintiff and Defendant Acquah.

## FACTUAL ALLEGATIONS

9. Plaintiff Betty Wright was employed by Defendant Advocate Healthcare from at least October 2015 until April 2025 as Inventory Specialty Technician for the Operating Room at its facility located in Chicago, Illinois.

10. Beginning on or about February 2022, Defendant Daniel Acquah subjected Plaintiff to repeated and unwelcome sexual remarks in the workplace, including but not limited to comments about Plaintiff's body, appearance and suggestive statements of a sexual nature.

11. On or about March 2022, Defendant Acquah, without provocation or consent, physically pinched Plaintiff in the workplace while simultaneously making unwanted sexual remarks, constituting battery under Illinois law.

12. The following day of the battery and sexual harrassment, Plaintiff, along with a co-worker, promptly reported Defendant Acquah's conduct to Denise Hunter, a human resources officer employed by Defendant Advocate Healthcare.

13. Despite Plaintiff's complaint, Defendant Advocate Healthcare failed to take prompt and effective remedial action to address the harassment and battery.

14. Following Plaintiff's complaint, Defendant Acquah, with the knowledge or acquiescence of Defendant Advocate Healthcare and its supervisory employee, Defendant Morgan Lee, engaged in a pattern of conduct that created a hostile work environment for Plaintiff.

15. The hostile work environment included, but was not limited to, ongoing harassment, intimidation, and retaliatory actions by Defendant Acquah, which persisted for several years, from approximately March 2022 to April 2025.

16. Defendant Morgan Lee, as a supervisor, failed to take reasonable steps to prevent or correct the hostile work environment, despite having actual or constructive knowledge of Defendant Acquah's conduct.

17. Defendant Advocate Healthcare failed to adequately train, supervise, or discipline its employees, including Defendants Acquah and Lee, to prevent sexual harassment and hostile work environment in violation of Title VII and the IHRA.

18. As a direct result of Defendants' actions and inactions, Plaintiff suffered severe emotional distress, humiliation, loss of enjoyment of her work, and other damages and eventual termination.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. On or about February 2, 2025, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR), alleging sexual harassment and hostile work environment.

20. On or about February 25, 2025, Plaintiff received a Notice of Right to Sue from the EEOC, authorizing her to file this action.

21. Plaintiff has exhausted all administrative remedies required under 42 U.S.C. § 2000e-5 and 775 ILCS 5/7A-102.

## COUNT I: SEXUAL HARASSMENT (TITLE VII – 42 U.S.C. § 2000e et seq.)
### (Against All Defendants)

22. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23. Defendants subjected Plaintiff to unwelcome sexual harassment by allowing Defendant Acquah's repeated sexual remarks and physical battery in the workplace.

24. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

25. Defendants knew or should have known of the harassment and failed to take prompt and effective remedial action.

26. Defendants' actions and inactions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

27. As a direct and proximate result, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic losses.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendants, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs and grant such other and further relief as the Court deems just and proper.

## COUNT II: HOSTILE WORK ENVIRONMENT (TITLE VII – 42 U.S.C. § 2000e et seq.)
### (Against All Defendants)

28. Plaintiff incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29. Following Plaintiff's complaint to human resources, Defendant Acquah, with the knowledge or acquiescence of Defendant Advocate Healthcare and Defendant Morgan Lee, engaged in conduct that created a hostile work environment.

30. The hostile work environment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment.

31. Defendant Advocate Healthcare failed to take reasonable steps to prevent or correct the hostile work environment, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

32. As a direct and proximate result, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic losses.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendants, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs and grant such other and further relief as the Court deems just and proper.

### COUNT III: SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT (IHRA – 775 ILCS 5/2-101 et seq.)
### (Against All Defendants)

33. Plaintiff incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34. Defendant Advocate Healthcare's failure to prevent or correct Defendant Acquah's sexual harassment and subsequent hostile work environment constitutes unlawful discrimination under the Illinois Human Rights Act, 775 ILCS 5/2-102(D).

35. The harassment and hostile work environment were based on Plaintiff's sex and were sufficiently severe or pervasive to alter the terms and conditions of her employment.

36. As a direct and proximate result, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic losses.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendants, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs and grant such other and further relief as the Court deems just and proper.

### COUNT IV: BATTERY (ILLINOIS COMMON LAW)
### (Against Defendant Daniel Acquah)

37. Plaintiff incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38. Defendant Acquah intentionally and without consent made harmful or offensive physical contact with Plaintiff by pinching her in the workplace while making unwelcome sexual remarks.

39. Defendant Acquah's actions constitute battery under Illinois common law.

40. As a direct and proximate result, Plaintiff has suffered damages, including physical harm, emotional distress, and other non-economic losses.

WHEREFORE, the Plaintiff prays for judgment in her favor and against Defendant Acquah, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs and grant such other and further relief as the Court deems just and proper.

### COUNT V: VICARIOUS LIABILITY (ILLINOIS COMMON LAW)
### (Against Defendant Advocate Healthcare)

41. Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

42. Defendant Acquah was acting within the scope of his employment with Defendant Advocate Healthcare when he committed the battery against Plaintiff.

43. Defendant Advocate Healthcare is vicariously liable for Defendant Acquah's battery under the doctrine of respondeat superior.

44. As a direct and proximate result, Plaintiff has suffered damages, including physical harm, emotional distress, and other non-economic losses.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendant Advocate Healthcare, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs and grant such other and further relief as the Court deems just and proper..

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: May 27, 2025

                                                             Respectfully submitted,

                                                             s/Juneitha Shambee
                                                             Shambee Law Office, Ltd.
                                                             *Attorney for Plaintiff*
                                                             701 Main St. Ste. 201A
                                                             Evanston, IL. 60202
                                                             (773) 741-3602
                                                             juneitha@shambeelaw.com
                                                             ARDC: 6308145